IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCOS MONTES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-00410-RJL |
| | ) |
| JANITORIAL PARTNERS, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiffs Marcos Montes, Victor Palma, and Sandra Zelaya (collectively, "Plaintiffs"), through counsel, hereby move for an award of attorney's fees and costs related to their post-judgment collection efforts and defense against Defendants Ray Park and Janitorial Partners, Inc. d/b/a Apartment Cleaners (collectively, "Defendants") attempts to vacate the judgment previously entered by this Court.  Fed. R. Civ. P. 54(d).  Plaintiffs seeks no more than the reasonable fee and costs for the work associated with their attempts to enforce and defend their judgment.

### I.   Background

On March 29, 2013, Mr. Montes, on behalf of himself and at least two other employees initiated an action in the U.S. District Court for the District of Columbia against Defendants-Appellants Janitorial Partners, Inc. d/b/a Apartment Cleaners and Ray Park and Appellees Geoff Ogden, Franklin Condezo, and Elvis Condezo for claims under the Fair Labor Standards Act ("FLSA"), D.C. Minimum Wage Revision Act ("DCMWRA"), and D.C. Wage Payment and Collection Law ("DCWPCL").  Docket No. 1.  On June 6, 2013, Defendant Ray Park was

personally served in his individual capacity and as well as that of registered agent for Janitorial

Cleaners, Inc. with a summons, complaint, and notice of designation of related cases.  Docket

No. 4 and *see generally,* Docket No. 72.

Having failed to file a timely responsive pleading, the Clerk of the Court made an Entry

of Default against Defendants on July 2, 2013.  Docket No. 6.  The District Court then granted a

Plaintiff's Motion for Default Judgment in favor of Mr. Marcos, Mr. Palma, and Ms. Zelaya on

March 10, 2014.  Docket No. 9.

Due to Defendants' failure to respond to Plaintiffs' requests for payment, on August 13,

2014, Plaintiffs filed a Motion for Judgment Debtor's Examination where Plaintiffs requested an

award of attorney's fees related to the prosecution of the motion.  Docket No. 12.  Plaintiffs then

requested and received writs of attachment from the District Court upon Defendants' bank

relating to the amount of damages awarded by the Court.  After receiving an answer from the

bank, Plaintiff requested an entry of judgment and writ of execution on Defendants' bank as

garnishee for Plaintiffs, which the District Court granted.  Docket No. 21, 22.  After Plaintiffs

received satisfaction of the District Court's judgment from the bank, Defendants filed a Motion

to Vacate on November 3, 2014.  Docket No. 24.

While Defendants' Motion to Vacate was pending, on February 27, 2015, the District

Court issued an Order to Show Cause relating to Plaintiffs' request for attorney's fees relating to

their Debtor's Motion.  Docket No. 34.   On March 19, 2015, the Court granted Plaintiffs'

requests for attorney's fees relating to the Debtor's Motion in the amount of $2,442.34.  Docket

No. 37.  As noted by the Court, Plaintiffs did not at the time request an award of attorney's fees

related to all of their post-judgment collection efforts and thus the Court reserved judgment with

respect to future requests for attorney's fees.  *Id*.  Defendants have yet to remit payment pursuant to the Court's March 19, 2015 award.[1]

On September 10, 2015, the District Court entered its judgment denying Defendant's Motion to Vacate as to the judgment in favor of Mr. Montes but vacated the judgments in favor of Mr. Palma and Ms. Zelaya.  Docket No. 48.  Plaintiffs then moved for reconsideration, which was denied on May 4, 2016.  Docket Nos. 50, 58.  The Parties then cross-appealed.

On appeal, the D.C. Circuit concluded that the District Court erred in finding it lacked subject matter jurisdiction to enter default judgment in favor of Plaintiffs Victor Palma and Sandra Zelaya, but noted that the judgment could be void if Mr. Park was not served with process and a hearing was required to determine witness credibility.  *Montes v. Janitorial Partners, Inc.*, 859 F.3d 1079, 1081, 1084-85 (D.C. Cir. 2017).  A hearing was subsequently held and Magistrate Judge Meriweather determined that Mr. Park had been served with process. Docket No. 72.  The Court adopted Magistrate Judge Meriweather's findings.  Docket No. 73.

Additionally, within days following the issuance of the Court's opinion vacating the judgment of Mr. Palma and Ms. Zelaya Mr. Palma and Ms. Zelaya filed a new action against Defendants. Case 1:15-cv-01509-RJL Docket No. 1.  Mr. Palma and Ms. Zelaya alleged their claims should be equitably tolled due to the unique circumstances of the case, specifically that they had been diligent in seeking to vindicate their rights via their consenting to opt into First Case and being awarded a default judgment in that action.  *Id*.  Mr. Palma and Ms. Zelaya then subsequently moved to stay that case until the resolution of the hearing concerning the service of

---

[1] On August 31, 2015, Plaintiffs filed a Motion for Entry of Judgment and Request for Writ of Execution, having received an Answer from PNC Bank confirming it was holding the $2,442.34 pursuant to the Court's March 19, 2015 award.  The Court dismissed the Motion without prejudice in light of the D.C. Circuit's decision instructing the Court to hold an evidentiary hearing concerning service of process.  Docket No. 62.

process on Mr. Park, which the Court granted on December 4, 2018.  Case 1:15-cv-01509-RJL

Docket Nos. 11, 12, Dec. 4, 2018 Min. Or.

## II.   <u>Argument</u>

Under the FLSA, DCMWRA, and DCWPCL, a prevailing plaintiff is entitled to an award

of reasonable attorney's fees and costs.  29 U.S.C. § 216(c); D.C. Code § 32-1012 (2013); D.C.

Code § 32-1308 (2013).[2]  This entitlement applies equally for an award of reasonable attorney's

fees for post-judgment activities related to the collection of a judgment's award of damages and

defending against challenges to the judgment.  While these statutes do not expressly state that a

plaintiff may be awarded attorney's fees to enforce a court awarded judgment, courts across the

country have held that plaintiffs are entitled to reasonable attorney's fees for post-judgment

collection efforts in a variety of contexts, including the federal and state wage laws.  *See, e.g.*,

*Free v. Briody,* 793 F.2d 807, 808-809 (7th Cir. 1986) (Employment Retirement Income Security

Act); *Spain v. Mountanos*, 690 F.2d 742, 747 (9th Cir. 1982) (civil rights laws); *Balark v. Curtin*,

655 F.2d 798, 802-03 (7th Cir. 1981) (civil rights laws); *Shaw v. AAA Eng'g & Drafting, Inc.*,

213 F.3d 538, 544-45 (10th Cir. 2000) (False Claims Act); *Van Dyke v. BTS Container Serv.,*

*Inc.*, No. CIV. 08-561-KI, 2010 WL 56109, at *1 (D. Or. Jan. 4, 2010) (Fair Labor Standards Act

and state wage law); *DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-CIV, 2009

WL 36550, at *5 (S.D. Fla. Jan. 6, 2009) (Fair Labor Standards Act); *see also*, Docket No. 37

(awarding Plaintiffs fees related to Debtor's exam motion).  Courts has specifically awarded

prevailing plaintiffs reasonable attorney's fees and costs resulting from defending motions to

vacate judgments.  *See, e.g. Girlsongs & Warner Bros. v. Starkey*, 108 F.R.D. 275, 279 (N.D.

---

[2] In 2014, the D.C. Council amended the DCMWRA to place the statute's provisions concerning attorney's fees within the DCWPCL. Wage Theft Prevention Amendment Act of 2014, 2014 District of Columbia Laws 20-157 (Act 20-426); *see* D.C. Code. 32-1308 (2017).

Cal. 1984); *Hamstein Music Co. v. Bait Shack, Inc.*, No. 00-4099-RDR, 2001 WL 709402, at *2

(D. Kan. May 17, 2001); *Somerset Songs Pub. v. Bertsos*, No. 92 C 3302, 1992 WL 407297, at

*1 (N.D. Ill. Sept. 11, 1992).[3]

The rationale for these decisions has been that where a legislature determines that

attorney's fees are necessary to fulfill the purposes a statute, its goals would be undermined if

post-judgment efforts were not compensated.  *See Balark*, 655 F.2d at 802-03.  These efforts are

required "to make the judgment into a reality:"

> The point is that the entry of judgment is not the end of the litigation; in this case,
> it may not even be the beginning of the end.  It would make no more sense to
> deny attorney's fees for efforts to collect a judgment than it would to deny them
> for efforts to defend a judgment on appeal."

*Free*, 793 F.2d at 808-809.  Accordingly, Plaintiffs are entitled to an award of attorneys' fees

taken in connection with their collection efforts to enforce and defend their awarded judgment.

*See also*, Docket No. 37.

The rate used to calculate such fees is in line with those prevailing in the community for

similar services by lawyers of reasonably comparable skill, experience, and reputation.  *Thomas

v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993) (quoting *Blum v. Stenson* 465 U.S.

886 (1984)).  In this community, the Laffey Matrix is looked considered the primary source for

determining the prevailing rates of attorneys when such fee awards are sought.  Exhibit A; *see,

e.g. Radtke v. Caschetta,* 254 F. Supp. 3d 163, 180 (D.D.C. 2017) (applying Laffey Matrix to

FLSA matter);[4] *Al-Quraan v. 4115 8th St. NW, LLC*, 123 F. Supp. 3d 1, 3 (D.D.C. 2015) (same).

Additionally, when the Court originally entered judgment against Defendants, it utilized the then

---

[3] An award of attorney's fees under wage statutes such as the FLSA includes awards for work performed on appeal and cross-appeal.  *See, e.g., Radtke v. Caschetta*, 254 F. Supp. 3d 163, 177 (D.D.C. 2017).

[4] Use of current *Laffey* rates is particularly appropriate due to lengthy delays in the case which are attributable to the opposing party.  *Radtke v. Caschetta*, 254 F. Supp. 3d at 182-183; *see also Joaquin v. D.C.,* 210 F. Supp. 3d 64, 74 (D.D.C. 2016) (Leon, J.) (applying current rather than historic *Laffey* rate).

applicable Laffey rates is determining Plaintiffs' award for attorneys' fees.  Docket Nos. 8-3, 9.

Plaintiffs seek no more than the reasonable fee and costs for the work associated with their

attempts to enforce and defend their judgment. The above standard should therefore be applied to

the fees sought in this matter.  Plaintiffs believe that the requested the fees herein should be

awarded in full.

### III.    Fees and Costs Requested

As provided in more detail in Plaintiffs' Exhibit C, Plaintiffs seek an award of attorneys'

fees of $96,184.30 and costs of $1,646.37.  Plaintiffs have also provided breakdowns per

category of services provided as summarized below and in associated exhibits.

- $3,720.00 in fees related to post-judgment collection efforts, not including Plaintiffs' Debtor's Exam. Exhibit D;

- $28,343.50 in fees related to Defendants' Motion to Vacate, Exhibit E;

- $5,690.10 in fees related to Plaintiffs' Motion for Reconsideration, Exhibit F;

- $3,669.60 in fees related to Defendants' Motion for Return of Property, Exhibit G;

- $2,455.20 in fees related to attempted collection of Debtor's Exam Judgment, Exhibit M;

- $2,812.30 in fees related to the Case 1:15-cv-01509-RJL, Exhibit H;

- $37,791.00 in fees related to the Appeal and Cross-Appeal, Exhibit I;

- $9,441.10 in fees related to the Evidentiary Hearing, Exhibit J;

- $111.60 in fees related to the joint status report ordered by the Court, Exhibit K;[5]

- $2,566.80 in fees related to Plaintiffs' fee petition, Exhibit L; and

---

[5] The deadline for submitting this report is after Plaintiffs' motion for fee petition is due.  Therefore, this figure will likely increase.

- $1,646.37 in costs, Exhibit N.

The requested fees also do not include the $5,538.20 in fees associated with issues on which Plaintiffs' lost on appeal and time that is purely administrative.  Exhibit C.  The requested fees also do not include the $4,714.10 value of time for attorneys who provided little substantive work.

The above stated costs are separate from the $1,629.73 in taxable costs listed on Plaintiffs separately filed Bill of Costs submitted pursuant to Fed. R. Civ. P. 54(d)(1).

Additionally, as noted above, Defendants have failed to remit the $2,442.34 payment ordered by the Court related to Plaintiffs' Debtor's Exam Motion.  Docket No. 37.  Plaintiffs therefore suggest that the Court consolidate its March 19, 2015 award with any award issued in response to result of this Motion.  As a part of such consolidation, Plaintiffs request that the Court also issue an additional award of the value of the statutory interest between March 19, 2015[6] and the date of this Court's final award.[7]

For the above stated reasons, the Court enter an award of attorneys' fees for Plaintiffs in the amount of $96,184.30 in fees, $1,629.73 in taxable costs, and $1,646.37 in other costs.

---

[6] The March 19, 2015 the statutory rate was 0.25%.

[7] For example, as of the date of this filing, January 14, 2020, 1762 days have passed since March 19, 2015. Therefore, the statutory interest as of January 14, 2020 on the March 19, 2015 award would be $29.48 ($2,442.34 × .25% ÷ 365 days per year × 1762 days).

Dated: January 14, 2020

Respectfully submitted,

/s/ Jeremy Greenberg
Jeremy Greenberg (1024226)
Denise M. Clark (420480)
Clark Law Group, PLLC
1100 Connecticut Ave, N.W., Suite 920
Washington, D.C. 20036
 (202) 293-0015
jgreenberg@benefitcounsel.com
dmclark@benefitcounsel.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on January 14, 2020, a true and accurate copy of the foregoing was electronically filed with the Clerk's Office served using this court's CM/ECF system, which will then serve a notice of electronic filing (NEF) on the judge and the following party:

John A. DiNucci
Rowe, Weinstein & Sohn, PLLC
8180 Greensboro Drive
Suite 1150
McLean, Virginia 22102
(703) 821-4232
dinuccilaw@verizon.net
*Counsel for Defendants*

<u>/s/ Jeremy Greenberg</u>
Jeremy Greenberg